***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCWC-11-0000765
28-JAN-2014
08:36 AM**

SCWC-11-0000765

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

STATE OF HAWAI'I,Petitioner/Plaintiff-Appellee,

vs.

MATTHEW LOCKEY, Respondent/Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-11-0000765; FC-CR. NO. 11-1-1241)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, and McKenna, JJ., with
Acoba, J., dissenting separately, with whom Pollack, J., joins)

Petitioner/plaintiff-appellee State of Hawai'i seeks

review of the Intermediate Court of Appeals's April 8, 2013

Judgment on Appeal, entered pursuant to its February 26, 2013

Summary Disposition Order.  The ICA's judgment vacated the Family

Court of the First Circuit's September 28, 2011 Judgment of

Conviction and Sentence,[1] which convicted Matthew Lockey of

---

[1]     The Honorable Wilson M.N. Loo presided.

Harassment in violation of Hawai'i Revised Statutes § 711-1106(1)(a).[2]  On certiorari, the State contends that the ICA erred in holding that (1) the complaint did not sufficiently apprise Lockey of what he must be prepared to meet because the language was worded in the disjunctive; and (2) Lockey's untimely objection was not waived.

We recently addressed this precise issue in State v. Codiamat, --- Hawai'i ----, --- P.3d ---- (2013) (holding that a charge worded disjunctively in the language of the statute provides sufficient notice so long as the acts charged are contained in a single subsection of a statute and are reasonably related).

Lockey was charged under the same statute as the defendant in Codiamat, and the language of the charge was virtually identical to the language upheld as valid in Codiamat. See id. at *1.  Applying the holding of Codiamat to the present case, the State's HRS § 711-1106(1)(a) charge provided Lockey with sufficient notice of what he must be prepared to meet. Accordingly, the ICA erred in vacating Lockey's judgment of

---

[2]     HRS § 711-1106 (Supp. 2009) provides in relevant part:

(1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

(a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

2

conviction and sentence on the ground that the charge was pled in the disjunctive.

Because we are vacating the ICA's judgment on other grounds, we need not reach the issue of whether Lockey's untimely objection was waived.

Accordingly, we vacate the ICA's April 8, 2013 Judgment on Appeal and affirm the family court's September 28, 2011 Judgment of Conviction and Sentence.

DATED: Honolulu, Hawaiʻi, January 28, 2014.

Brandon H. Ito                          /s/ Mark E. Recktenwald
for petitioner
                                        /s/ Paula A. Nakayama
Harrison Kiehm
for respondent                          /s/ Sabrina S. McKenna

